|   |   |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | UNITED STATES DISTRICT COURT |
|   | WESTERN DISTRICT OF WASHINGTON |
| 7 | AT SEATTLE |

MAGDALENA K. FOSS,

                         Plaintiff,

      vs.

KING COUNTY, WASHINGTON and LAURA M. ALSPACH; THE CITY OF MONROE, WASHINGTON and PAUL HENDERSON,

                         Defendants.

No. 2:22-cv-01728-JHC

ORDER RE: MOTIONS TO DISMISS

Before the Court are Defendants King County and Laura M. Alpach's Rule 12(b)(6) Motion to Dismiss, Dkt. # 7, and Defendants City of Monroe and Paul Henderson's Motion to Dismiss, Dkt. # 9. The Court has considered the materials filed in support of and in opposition to the motions, as well as the applicable law. Being fully advised, the Court GRANTS in part and DENIES in part the motion.

Plaintiff brings various causes of action against Defendants. Dkt. # 1. Under Federal Rule of Civil Procedure 12(b)(6), Defendants move to dismiss all of the claims.

When considering a motion under Rule 12(b)(6), the Court construes the complaint in the light most favorable to the nonmoving party. *See Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005). "To survive a motion to dismiss, a complaint must

ORDER RE: MOTIONS TO DISMISS - 1
(No. 2:22-cv-01728-JHC)

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* But legal conclusions "are not entitled to the assumption of truth" and "must be supported by factual allegations." *Id.* at 679. A court may dismiss a complaint under Rule 12(b)(6) that lacks a "cognizable legal theory" or fails to allege "sufficient facts" under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

**1. Malicious Prosecution.**

In this civil action, the complaint appears to bring a claim under a Washington criminal statute, RCW 9.62.010, on malicious prosecution. Dkt. # 1. It appears to bring the claim against all the defendants. *Id.*

Plaintiff says in briefing that she is actually bringing a civil claim for malicious prosecution. Dkt. ## 17 & 18. Such a claim requires a prosecution to have taken place. *Peterson v. Littlejohn*, 56 Wash. App. 1, 8-9, 781 P.2d 1329 (1989). Plaintiff may be confused, as the complaint alleges that *law enforcement* filed charges. Dkt. # 1. But prosecuting attorneys, and not law enforcement, file charges and commence prosecution. And the complaint, at page 8, concedes that "the prosecutor declined to prosecute." Dkt. # 1. Thus, it fails to state a claim for malicious prosecution.

**2. Criminal Conspiracy.**

In this civil action, the complaint appears to bring a claim under a Washington criminal statute, RCW 9.A.28.040, on criminal conspiracy. Dkt. # 1. It is unclear against which defendant(s) this claim is asserted.

Plaintiff says in briefing that she is actually bringing a claim for civil conspiracy. Dkt. ## 17 & 18. The complaint alleges that there was a conspiracy in the foregoing malicious prosecution. Thus, this claim fails for the same reason the malicious prosecution claim fails.

**3. Breach of Contract.**

The complaint appears to assert a breach of contract claim against only King County. Dkt. # 1. It alleges, "By providing internal investigation documents that existed prior to the Agreement date, King County, through its employee Alspach, violated the terms of" a settlement agreement. *Id.* But it is unclear from the complaint and the attachments thereto how such conduct would violate the agreement. The complaint says that the documents were, "by Agreement between the parties, to be restricted from use in any future investigation or proceeding." *Id.* But it does not cite any contractual provision setting forth such an obligation; nor has the Court been able to locate any in the contract attached to the complaint.[1]

**4. Article I § 5, Washington State Constitution.**

The complaint asserts a claim for "Violation of Art I § 5, Washington State Constitution." Dkt. # 1. It is unclear against which defendant(s) this claim is asserted. Plaintiff cites no authority suggesting that such a claim exists. And apparently, any attempt to amend this claim would be futile.

**5. First Amendment.**

The complaint asserts a claim for violation of the First Amendment of the United States Constitution. Dkt. # 1. The Defendants construe this claim as brought under Section 1983, and the Court does the same.

---

[1] Defendant King County says any breach of contract claim here is subject to arbitration. While that may be the case, as the claim is dismissed, that issue is not ripe. Moreover, King County has not moved to compel arbitration.

ORDER RE: MOTIONS TO DISMISS - 3
(No. 2:22-cv-01728-JHC)

To the extent Plaintiff brings this claim against Defendants King County and the City of Monroe, the Court dismisses it without prejudice, as the complaint does not allege a claim to satisfy *Monell v. Dep't of Social Svcs.*, 436 U.S. 658 (1978).  *See Garcia v. Yuba Cnty. Sheriff's Dep't*, 559 F. Supp. 3d 1122, 1127 (E.D.Cal. 2021).

But to the extent Plaintiff brings this claim against the individual defendants, the Court concludes that the complaint states a First Amendment retaliation claim.  The elements of such a claim are engagement in constitutionally protected activity, conduct by a defendant that would chill such activity, and that the protected activity was a substantial or motivating factor in the defendant's conduct.  *Flynn v. Santa Clara*, 388 F. Supp. 3d 1158, 1164 (N.D. Cal. 2019).  Viewing the allegations in the light most favorable to Plaintiff, the complaint states such a claim.[2]   Both motions improperly focus on a claimed lack of "evidence"; in considering a Rule 12(b)(6) motion, courts focus on allegations.

### 6. Fourth Amendment – Section 1983.

The complaint asserts a Fourth Amendment malicious prosecution claim under Section 1983.  Dkt. # 1.  This claim fails for the same reason that the civil malicious prosecution claim, discussed above, fails.  Also, to the extent Plaintiff brings this claim against Defendants King County and the City of Monroe, the complaint does not make allegations to satisfy *Monell v. Dep't of Social Svcs.*, 436 U.S. 658 (1978).  *See Garcia*, 559 F. Supp. 3d at 1127.

//

//

---

[2] The individual defendants claim qualified immunity. Dkt. ## 7, 9, 19 & 20.  But when a defendant asserts qualified immunity in a motion to dismiss under Rule 12(b)(6), dismissal is inappropriate unless the court can determine, based on the complaint, that qualified immunity applies.  *O'Brien v. Welty*, 818 F.3d 920, 936 (9th Cir. 2016).  And the Court cannot so determine from the complaint here.

ORDER RE: MOTIONS TO DISMISS - 4
(No. 2:22-cv-01728-JHC)

**7. Fourteenth Amendment.**

The complaint asserts a Fourteenth Amendment claim under Section 1983 based on *Garrity v. State of New Jersey*, 385 U.S. 493 (1967). This claim fails for the same reason that the civil malicious prosecution claim, discussed above, fails. Also, to the extent Plaintiff brings this claim against Defendants King County and the City of Monroe, the complaint does not make allegations to satisfy *Monell v. Dep't of Social Svcs.*, 436 U.S. 658 (1978). *See Garcia*, 559 F. Supp. 3d at 1127.

**8. Deprivation of Rights Under Color of State Law.**

In this civil action, the complaint appears to assert a claim under a federal criminal statute, 18 U.S.C. § 242, concerning deprivation of rights under color of law. Dkt. # 1. Plaintiff does not appear the oppose the request to dismiss this claim. Nor does a civil claim appear to exist under the statute. And apparently, any attempt to amend this claim would be futile. Accordingly, the Court dismisses this claim with prejudice.

**9. Conclusion.**

In sum, the Court GRANTS the motion in part and DENIES it in part as follows:

a. The Court DISMISSES with prejudice the claims for "Violation of Art I § 5, Washington State Constitution" and under 18 U.S.C. § 242.

b. The Court dismisses without prejudice (1) the malicious prosecution claim; (2) the conspiracy claim; (3) the breach of contract claim; (4) any First Amendment claim under Section 1983 against King County or the City of Monroe; (5) the Fourth Amendment malicious prosecution claim under Section 1983; and (6) the Fourteenth Amendment *Garrity* claim under Section 1983.

c. The Court declines to dismiss the First Amendment claim under Section 1983 against the individual defendants, which is currently the only claim pending in this matter.

DATED this 15th day of March, 2023.

	John H. Chun
	U.S. District Court Judge

ORDER RE: MOTIONS TO DISMISS - 6
(No. 2:22-cv-01728-JHC)