UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MAGDALENA K. FOSS,<br><br>Plaintiff,<br><br>v.<br><br>LAURA M. ALSPACH, PAUL HENDERSON, JEREMY MUIR, MARK KONOSKE, SHAWN LEDFORD, and KING COUNTY, WASHINGTON,<br><br>Defendants. | CASE NO. 2:22-cv-01728-JHC<br><br>ORDER RE: MOTION TO DISMISS |

# I

## INTRODUCTION

This matter comes before the Court on Defendants Laura M. Alpach, Mark Konoske, Shawn Ledford, and King County's (Defendants'[1]) Rule 12(b)(6) Motion to Dismiss. Dkt. # 42. The Court has considered: the materials filed in support of and in opposition to the motion; pertinent portions of the record; and the applicable law. Being fully advised, the Court GRANTS the motion and dismisses the Fourteenth Amendment claim under Section 1983, the Section 1985 claim, and the *Monell* claim.[2]

---

[1] Defendant Jeremy Muir has filed a separate motion to dismiss. Dkt. # 50.
[2] There is currently no malicious prosecution claim pending in this matter.

ORDER RE: MOTION TO DISMISS - 1

## II

### DISCUSSION

**A. Rule 12(b)(6) Standards.**

When considering a motion under Rule 12(b)(6), the Court construes the complaint in the light most favorable to the nonmoving party. *See Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* But legal conclusions "are not entitled to the assumption of truth" and "must be supported by factual allegations." *Id.* at 679. A court may dismiss a complaint under Rule 12(b)(6) that lacks a "cognizable legal theory" or fails to allege "sufficient facts" under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

**B. Section 1983 – Fourteenth Amendment.**

The amended complaint does not make clear the factual basis for any Fourteenth Amendment Claim under Section 1983. Dkt. # 34. Nor does Plaintiff's briefing appear to address this issue in a clearly discernible manner. Dkt. # 49. To the extent this claim depends on the existence of a criminal prosecution of Plaintiff (*e.g.*, if it is based on *Garrity*), it fails, as Plaintiff has conceded that there was no such prosecution. Dkt. # 1 at 8. Thus, the Court must dismiss this claim.

/

/

### C. Section 1985(3) – Conspiracy to Interfere with Civil Rights.

Defendants submit what appears to be a meritorious argument for dismissing the Section 1985 claim: Plaintiff's failure to allege class-based animus. Plaintiff does not respond to this argument. The Court dismisses this claim.

### D. *Monell* Claim.

For the reasons argued by Defendants, the Court dismisses the *Monell* claim as well. Mainly, it is unclear what policy or custom Plaintiff is alleging. The amended complaint alleges, "[T]here is a custom or policy of the KSCO [*sic*] of allowing law enforcement personnel such as Defendant, JEREMY MUIR to prey upon female co-workers and stalk and prey on female members of the public at-large, without any significant consequences." Dkt. # 34 at 13. Yet it also alleges, "[T]here is a year's long practice and policy of command-level KSCO [*sic*] employees weaponizing the IIU system against the Plaintiff[.]" *Id.* at 14. It then says that King County "has a history of policies and customs that empower the corrupt practices in its law enforcement division." *Id.* at 15. And Plaintiff's briefing says, "King County has a policy and custom of turning a blind eye to violations of policy and law by its employees[.]" Dkt. # 49 at 9. Along with this lack of clarity, none of the claimed policies or customs appear to be alleged as the type of "longstanding practice or custom which constitutes the 'standard operating procedure' of the local governmental entity." *See Gillette v. Delmore*, 979 F.2d 1342, 1346 (9th Cir. 1992) (quoting *Jett v. Dallas Indep. Sch. Dist.,* 491 U.S. 701, 737 (1989).

### III

#### CONCLUSION

For the above reasons, the Court GRANTS the motion and DISMISSES the Fourteenth Amendment claim under Section 1983 and the Section 1985 claim with prejudice, and the *Monell* claim without prejudice.

ORDER RE: MOTION TO DISMISS - 3

Dated this 17th day of October, 2023.

*John H. Chun*

John H. Chun
United States District Judge

ORDER RE: MOTION TO DISMISS - 4