UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

|  |  |
|---|---|
| MAGDALENA K. FOSS,<br><br>                 Plaintiff,<br><br>vs.<br><br>LAURA M. ALSPACH, PAUL HENDERSON, JEREMY MUIR, MARK KONOSKE, SHAWN LEDFORD, and KING COUNTY, WASHINGTON,<br><br>                 Defendants. | No. 2:22-cv-01728-JHC<br><br>ORDER RE: MOTIONS FOR SUMMARY JUDGMENT |

**I**

**INTRODUCTION**

This matter comes before the Court on two motions: (1) Defendants King County and Laura M. Alspach's Motion for Summary Judgment, Dkt. # 68; and (2) Defendant Paul Henderson's Motion for Summary Judgment, Dkt. # 73. The Court has reviewed: the materials filed in support of, and in opposition to, the motions; the rest of the file; and the governing law. Neither side requested oral argument. Nor does the Court believe that oral argument would be helpful to resolve to motions. Being fully advised, for the reasons discussed below, the Court GRANTS in part and DENIES in part both motions. The Court DISMISSES Plaintiff's federal

ORDER RE: MOTIONS FOR
SUMMARY JUDGMENT - 1
[No. 2:22-cv-01728-JHC]

claims (Section 1983, First Amendment, and Retaliation Claims) with prejudice and DISMISSES her state law claims without prejudice.

## II

### DISCUSSION

A.  Summary Judgment Standard

Summary judgment is proper if the evidence, viewed in the light most favorable to the non-moving party, shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Galen v. County of Los Angeles*, 477 F.3d 652, 658 (9th Cir. 2007). This order does not reach the question whether there is any issue of material fact, as it disposes of the causes of action on legal points.

B.  Section 1983 First Amendment Retaliation Claims & Qualified Immunity

Defendants Alspach and Henderson—who, as law enforcement officers, investigated allegations against Plaintiff—say that the doctrine of qualified immunity bars Plaintiff's First Amendment claim against them. The Court agrees.

When resolving a motion for summary judgment based on qualified immunity, courts generally "engage in a two-step inquiry." *Peck v. Montoya*, 51 F.4th 877, 887 (9th Cir. 2022) (citing *Tolan v. Cotton*, 572 U.S. 650, 655 (2014) (per curiam)). First, courts ask "whether the facts, viewed in the light most favorable to the plaintiff, demonstrate that the deputies violated a constitutional right." *Id.* Second, courts ask "whether that right was 'clearly established' at the time of the alleged constitutional violation." *Id.* While the Supreme Court had once required courts to evaluate these questions sequentially, *see Saucier v. Katz*, 533 U.S. 194, 201 (2001), it has since clarified that courts may answer the questions in either order, *see Pearson v. Callahan*,

555 U.S. 223, 236 (2009).  Thus, the Court may determine that there is qualified immunity on the "clearly established" prong without deciding whether a constitutional violation occurred.

This second prong of the qualified immunity analysis asks whether the constitutional right was "clearly established" at the time of the alleged constitutional violation.  *Peck*, 51 F.4that 887.  A right is "clearly established" if a court can "identify a case where an officer acting under similar circumstances . . . was held to have violated" the Constitution.  *White v. Pauly*, 580 U.S. 73, 79 (2017) (per curiam).  "An officer 'cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in [the officer's] shoes would have understood that [they were] violating it.'"  *City & Cnty. of San Francisco, Calif. v. Sheehan*, 575 U.S. 600, 611 (2015) (quoting *Plumhoff v. Rickard*, 572 U.S. 765, 778–79 (2014)).  While there need not be "a case directly on point for a right to be clearly established, existing precedent must have *placed the statutory or constitutional question beyond debate*."  *Rivas-Villegas v. Cortesluna*, 595 U.S. 1, 5 (2021) (per curiam) (emphasis added) (quoting *White v. Pauly*, 580 U.S. at 79); *see also Kisela v. Hughes*, 584 U.S. 100, 104 (2018) (per curiam).  The Supreme Court has described the "clearly established" test as creating an "exacting standard" that "gives government officials breathing room to make reasonable but mistaken judgments."  *Sheehan*, 575 U.S. at 611 (internal quotation marks and citation omitted).  To that end, qualified immunity "protects 'all but the plainly incompetent or those who knowingly violate the law.'"  *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

The Supreme Court has also "repeatedly told courts . . . not to define clearly established law at a high level of generality."  *Mullenix v. Luna*, 577 U.S. 7, 12 (2015) (per curiam) (quoting *al-Kidd*, 563 U.S. at 742).  "The dispositive question is 'whether the violative nature

ORDER RE: MOTIONS FOR
SUMMARY JUDGMENT - 3
[No. 2:22-cv-01728-JHC]

1  of *particular* conduct is clearly established.'" *Id.* (quoting *al-Kidd*, 563 U.S. at 742) (emphasis in

2  original). This inquiry "must be undertaken in light of the specific context of the case, not as a

3  broad general proposition." *Id.* (citation and internal quotation marks omitted).

4      Here, Plaintiff cites no case law whatsoever to support her assertion that Alspach and

5  Henderson violated clearly established rights. Dkt. # 76 at 6–7. Instead, she merely says, "First

6  Amendment Free Speech is a clearly established right[.]" *Id.* at 6. Given the case law cited

7  above, such generality falls flat. *Cf. Moore v. Garnand*, 83 F.4th 743, 752 (9th Cir. 2023)

8  (holding that it is not clearly established that retaliatory criminal investigation per se violated the

9  First Amendment). Accordingly, the Court concludes that qualified immunity bars Plaintiff's

10  First Amendment claims against Alspach and Henderson.

11  C.    State Law Claims

12      A federal district court has supplemental jurisdiction over pendent state claims to the

13  extent they are so related to claims in the action within the court's original jurisdiction that they

14  form a part of the same case or controversy. 28 U.S.C. § 1367(a). The court "may decline to

15  exercise supplemental jurisdiction" if it "has dismissed all claims over which it has original

16  jurisdiction." 28 U.S.C. § 1367(c)(3). Here, the Court declines to exercise supplemental

17  jurisdiction over Plaintiff's state law claims.

18      The Court does not make this decision lightly. The Court recognizes that, under the

19  apparent state of Washington case law, Defendants may have a strong argument for summary

20  judgment on the state law claims. This is because of the law regarding what constitutes

21  outrageous conduct and whether a duty was owed. ButPlaintiff's state law claims present

22  interesting questions of state law. For example, with respect to the claim for negligent infliction

23  of emotional distress (NEID), Defendants rely heavily on the Washington State Court of

Appeals' majority opinion in *Keates v. City of Vancouver*, 73 Wash. App. 257, 869 P.2d 88 (1994).  That opinion is now 30 years old and the Court wonders whether Washington courts would today agree with some of its sweeping statements of law regarding law enforcement and NEID.  *See, e.g.*, *id.* at 269 ("We hold . . . that police officers owe no duty to use reasonable care to avoid inadvertent infliction of emotional distress on the subjects of criminal investigation.").  Also, the dissenting opinion[1] in *Keates* says that there was a triable issue of fact on an outrage claim arising from a criminal investigation.  *Id.* at 270.  Given such questions, the Court exercises its discretion to decline to exercise supplemental jurisdiction.

### III

#### Conclusion

For the above reasons, the Court GRANTS in part and DENIES in part both motions for summary judgment.  The Court DISMISSES Plaintiff's federal law claims with prejudice and DISMISS Plaintiff's state law claims without prejudice; Plaintiff may file these claims in state court.  The Court declines to reach any issues raised by Defendants (e.g., the King County Defendants' motion to strike) that are unnecessary to the foregoing analysis.

DATED this 23nd day of May, 2024.

John H. Chun
United States District Judge

---

[1] The dissenter was Judge Gerry L. Alexander, *id.* at 270, who went on the serve on the Washington Supreme Court, including as Chief Justice.  *Gerry Alexander*, BALLOTPEDIA, https://ballotpedia.org/Gerry_Alexander.

ORDER RE: MOTIONS FOR
SUMMARY JUDGMENT - 5
[No. 2:22-cv-01728-JHC]